IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS MARTIN on behalf of himself and others similarly situated,<br>    Plaintiff,<br><br>    v.<br><br>PPP, INC. and<br>FIDELITY COMMUNICATIONS CORPORATION,<br>    Defendants. | 1:10-cv-140<br><br><br>JURY DEMANDED |

## COMPLAINT

## CLASS ACTION

1. Plaintiff Nicholas Martin brings this action to secure redress for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq, including implementing regulations and applicable FCC orders ("TCPA"). Defendants were involved with the making of an illegal autodialed and prerecorded telephone advertisement to plaintiff's cellular telephone.

## JURISDICTION AND VENUE

2. The Court has federal question jurisdiction over the TCPA claims. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005).

3. Venue is proper because a substantial portion of the events complained of occurred in this District.

## PARTIES

4. Plaintiff is an individual who resides in this District.

1

5.  Upon information and belief, PPP, Inc. ("PPP") is the corporate owner of a Papa John's pizza location in Palatine, Illinois. Its registered agent is Yaman Parmaksiz, 31 Sarahs Grove, Shaumburg, IL 60193.

6.  Upon information and belief, based upon its website, www.FidelityCom.com, defendant Fidelity Communications Corporation ("Fidelity") is a Michigan corporation that engages in telephone advertising, and sells related equipment, and through placement of autodialed calls for customers. Its office is located at 41252 Vincenti Ct., Novi, MI 48375.

## FACTS

7.  One or both of the defendants called plaintiff's cell phone using an automatic telephone dialing system and a prerecorded voice message on or about July 28, 2009.

8.  The voice message stated:

    **[Unintelligible] at Papa John's Pizza calling. As one of our valued customers, I would like to offer you our VIP special. Order any large pizza with your choice of two toppings for only $7.99. Now that's a great VIP deal. If you'd like to order now just press 1 to be connected to our Papa John's store, or if you prefer, call us by Sunday and ask for your VIP special at 847-991-7272. Again, that number is 847-991-7272.**

    **Press 1 now to be connected to our Papa John's store or call us by Sunday at 847-991-7272 and ask for your VIP special of a large two topping pizza for just $7.99. Have a great week from our staff at Papa John's.**

    **[Music]**

    **If you would like to opt out of future VIP specials, please press 9 now or dial 877-207-3770 from your called number.**

    **[Music]**

9.  This voice mail is substantially identical to one posted on defendant Fidelity's website, and attached hereto as <u>Exhibit A</u>.

2

10. Defendants had/have a telephone system whereby the system dials telephone numbers without human intervention. It is the system that called plaintiff's cell phone, not a human being.

11. Upon information and belief, based upon the fact that the message and delivery were automated, defendant or defendants made similar calls to more than fifty other cell phones.

12. Upon information and belief, Fidelity made the above telephone call to plaintiff on behalf of PPP, through Fidelity's "Voice Services" product.  Exhibit B.

## Count I - TCPA - Strict Liability

13. Plaintiff incorporates all previous paragraphs.

14. Defendants, or each of them, violated the TCPA by calling plaintiff and others on their cell phones using an automatic telephone dialing system and/or prerecorded or automatic voice messages.

## Class Allegations

15. Plaintiff brings Counts I, II, III and IV on behalf of the same class, which consists of:

> All natural persons whose cellular telephones have area codes of 312, 773, 618, 630 or 847, who either defendant (or both) called using an automatic telephone dialing system or an artificial or prerecorded voice where defendant did not have the prior express consent of the called party to receive such calls, where any call or message was made at any time before the filing of this action but not earlier than a date four years before the filing of this action.

16. Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting any individual member of the class, including plaintiff. Such questions common to the Class include, but are not limited to:

    a. Whether defendant(s) used an automatic telephone dialing system and/or an artificial or pre-recorded voice within the meaning of the TCPA with respect to telephone calls to class members' cellular phones;

    b. Whether such practices violate the TCPA; and

    c. Damages.

17. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has no interests that might conflict with the interests of the class. Plaintiff is interested in pursuing his claims vigorously, and has retained counsel competent and experienced in class and complex litigation.

18. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

19. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

20. Defendants have acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would

likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

21. The identity of the class is likely readily identifiable from defendants' records.

22. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

WHEREFORE, plaintiff requests that this Court enter judgment in favor of plaintiff and the class and against defendants for:

(a) Statutory damages of $500 per violation;

(b) Any other relief the court deems proper.

## COUNT II – TCPA – Willful

23. Plaintiff incorporates all previous paragraphs of this complaint.

24. The violations of the Telephone Consumer Protection Act, 47 U.S.C. 227, identified above were willful.

25. Plaintiff brings this Count on behalf of the same class as is identified in Count I. The difference is that this Count alleges that the violations were "willful" within the meaning of the TCPA, and thus justify enhanced damages of three times the statutory amount of $500, for $1,500 per call.

WHEREFORE, plaintiff requests that this Court enter judgment in favor of plaintiff and the class and against defendants for:

(a) $1,500 per violation;

(b) Any other relief the court deems proper.

## Count III – TCPA – Injunctive Relief

26. Plaintiff incorporates all previous paragraphs of this complaint.

27. The TCPA prohibits the use of an automatic dialing system and/or prerecorded or artificial voice messages to make phone calls to cell phones.

28. The TCPA 47 U.S.C. §227(b)(3), provides a private right of action for injunctive relief.

29. Defendants have had a pattern and practice of making telephone calls in violation of 47 U.S.C. §227(b), including calls to plaintiff.

30. Upon information and belief, defendants continue to call cell phones in violation of section 227(b), without regard to the TCPA.

31. The defendants are likely to continue to violate the TCPA without an order enjoining them from doing so.

32. Plaintiff brings Count III on behalf of a class pursuant to Fed.R.Civ.P. 23(b)(2), for injunctive relief. Plaintiff requests that the Court permanently enjoin defendants from making calls to cell phones using its dialer, and enjoin defendants from making calls to cell phones using an artificial or prerecorded voice messages, unless it can demonstrate the prior express consent of the called party to receive such calls.

33. Plaintiff is entitled to have his rights, status and legal relations under the TCPA relating to defendants' calling of cell phones using an automatic dialing system and/or artificial or prerecorded voice message.

34. The class definition is identical and overlapping with the TCPA class in Count I.

WHEREFORE, plaintiff requests that this Court enter judgment for plaintiff and the class and against defendants for:

(a) a permanent injunction prohibiting defendants from violating the TCPA in the future through calling cellular phones using an automatic telephone dialing system and/or a prerecorded voice message; and

(b) Any other relief the Court deems fit.

Respectfully submitted,

/s/Alexander H. Burke

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

**JURY DEMAND**

Plaintiff demands trial by jury.

/s/Alexander H. Burke

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

**DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that the defendant take affirmative steps to preserve all recordings, data, documents and all other tangible things that relate to plaintiff or the putative class members, the events described herein, any third party called in association with any telephone call, campaign, account, sale or file associated with plaintiff or the putative class members, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

/s/Alexander H. Burke

# Exhibit A



## Retention Sample Script

"Thanks for taking my call, this is Julie at Anthony's Pizza calling. As one of our valued customers, I would like to offer you our VIP special. Order any large Pizza with up to 3 toppings for $9.99 and we will give you a second pizza of equal or lesser value for free! If you would like to order now just press 1, we will put you at the front of the line. Or, if you would like to order later in the week, remember our direct phone number; ready, here it is: 751-0700 and ask for your VIP special 0908. Again that's a large pizza with up to 3 toppings for $9.99 and get a second pizza of equal or lesser value for free! Press 1 now or call us at 751-0700 *(5 sec pause)* One last chance to order now by pressing 1"

About the Script and Recording

The script must sound personal yet enticing and enthusiastic.
Professional but still connect.
No longer than 45 seconds.
The first 10 seconds; it is lost and not remembered as people will not get it right away.
Remember each script will have the following ending tag to meet FTC guidelines:

"If you would like to opt out of future VIP specials please press 9 now or dial 877-207-3770 from your called number"

When the customer presses 9 to opt out they will receive the following message:

"We hate to lose you as a VIP preferred customer, but respect your decision. If you would like to continue to save money as a VIP with us, just press one (1) now."

- ✓ Repeating the offer
- ✓ Repeating press one on your phone
- ✓ Repeating your phone number

Will be very important as people take a little while to understand.

Then people will call your operation.
 But;
   Many will call simply to ask… why did you call?
   Then it is up to your team to say.. yes that was us and we were just calling to let you know that you are a VIP
   And here is the offer tonight…

You will need to have a log so you can write down the numbers and names of those who want to be taken off the list.

Be sure to look again at your purpose .. more than just sales, bring back "lazy" customers.
.

For any additional questions please call Fidelity Communications

800-683-5600 ext. 310

Retention is a registered Service Mark of Fidelity Communications Corporation
Copyright © 2008

# Exhibit B



**ORDER FORM**
**VOICE SERVICES ORDER and AGREEMENT**

## Company Information (Customer)

Company Name _____  DBA _____ Store # (s) _____

Billing Address _____  Store Address _____

City _____  State _____  Zip _____

Telephone _____ Fax _____  Fed ID # (EIN) _____

Main Contact Name _____  Phone _____  Email _____

Billing Contact Name _____  Phone _____  Email _____

POS System Make _____  Website _____

## Program Services and Pricing Plan  - check appropriate items

**Delivery Confirmation**                **Survey Call**
Price per Delivery Call   _____         Price per dialed number:   under 2000 $149.00 ___   2001 -3000 $199.00 ___   3001 – 4000 $259.00 ___
                                                    Custom scripting is provided at no charge with RSP membership.

**VIP Voice Coupon**
Price per Completed  Call   $0.15 ____   **RSP** Price per Completed Call   $0.099 _____

Flat Rate RSP pricing:      4000 number database        $299.00  _____
                            6000 number database        $469.00  _____
                            8000 number database        $549.00  _____
                            12000 number database       $829.00  _____

Retention Savings Plan (RSP) members are obligated to a 6 month maintenances fee, thereafter are subject to a 60 day cancelation period. RSP members are not obligated to run a set number of campaigns or calls during any period.  The minimum obligation is $39.00 per month to receive RSP benefits.  Non RSP plan is subject to a $50.00 set up fee, there is no monthly obligation under non RSP plan.

## Payment (one must be completed)

☐ **ACH**      Name of Bank _____      Bank Phone _____

Routing #_____ (9 digits)   Account # _____  ☐ Savings   ☐ Checking

☐ **CREDIT CARD**      ☐ Visa      ☐ MasterCard      ☐ American Express
Name on Card _____

Account # _____      Exp. Date _____      CCV _____

Signature of Authorizing Party _____      Title _____

Print Name _____  Date _____

**SEE ADDITIONAL TERMS AND CONDITIONS ON BACK (PAGE 2)**

     This Agreement shall not be binding upon FCC until executed by the Customer and executed by an officer of FCC at its principal place of business in Novi, Michigan.  If signing as a general partner of a partnership, Customer represents and warrants that there are no provisions in the partnership agreement that restrict or limit the general partner(s)' obligations and that the general partner(s) shall be fully bound by this Agreement.

     Customer acknowledges that it has read and understands the Agreement and agrees to be bound by the terms and conditions thereof.  Customer further agrees that the Agreement, together with any amendments and supplements thereto, referencing the Agreement, will be the complete and exclusive statement of the Agreement between the parties, superseding all proposals, representations, terms and conditions of any Customer purchase order related to this Agreement, or prior agreements, oral or written, between the parties relating to the subject matter of the Agreement.

FIDELITY COMMUNICATIONS CORPORATION                 Customer:
By:  _____         By:  _____

    _____             _____
             Print Name and Title Here                                  Print Name and Title Here
Date: _____       Date: _____



**ORDER FORM**
**VOICE SERVICES ORDER and AGREEMENT**

During the term of this Agreement, Fidelity Communications Corporation (FCC) shall provide to customer Retention message broadcasting services as set forth below. This Agreement shall be for an initial period of one year and thereafter shall be automatically renewed for additional successive one-year periods unless written notice of termination is given by either party to the other not less than sixty (60) days prior to the expiration of the initial term or any renewal term. Neither party will be deemed to be in default for any delay or failure in performance, and either party is excused from performance and shall not be liable for any delay in delivery, or for non-delivery, in whole or in part, arising out of conditions caused by the occurrence of any contingency beyond its reasonable control and without its fault or negligence. Customer acknowledges certain services may be provided in conjunction with customers POS provider and must include broadband access. However, customer is ultimately responsible for providing database information. Certain services may require FCC as the service provider, to access the National and/or State DNC Registry on behalf of the Customer (Seller). By law, Seller must have a subscription with the Registry (SAN). The Service Provider may access the Registry on behalf of the seller at no additional charge for up to 5 area codes per year. The Seller hereby gives authority to FCC as the Service Provider to complete the online subscription process and obtain a SAN for the Seller. A SERVICE PROVIDER WITH INDEPENDENT ACCESS MAY NOT USE REGISTRY DATA TO PLACE CALLS ON BEHALF OF SELLERS UNLESS EACH SELLER HAS A SAN. FOR THE PROTECTION OF THE SELLER, FCC CAN NOT USE REGISTRY DATA FOR ANYOTHER CLIENT.

IN NO EVENT SHALL FCC BE LIABLE FOR PERSONAL INJURY, OR ANY INCIDENTAL, SPECIAL, INDIRECT, OR CONSEQUENTIAL DAMAGES WHATSOEVER, INCLUDING, WITHOUT LIMITATION, GOVERNMENT INTERACTION, DAMAGES FOR LOSS OF PROFITS, LOSS OF DATA, BUSINESS INTERRUPTION, OR ANY OTHER DAMAGES OR LOSSES, ARISING OUT OF OR RELATED TO YOUR USE OR INABILITY TO USE THE RETENTION SERVICES.

FCC shall have the right to terminate this Agreement in the event of non payment by the Customer or if the Customer is declared insolvent or bankrupt or makes an assignment for the benefit of creditors or a receiver is appointed or any proceeding is demanded for or against the other under any provisions of applicable bankruptcy law.

Payment and invoicing will be completed weekly per the pricing plan. Customer agrees to make payment by ACH or credit card for services rendered. This is a pay at will agreement, customer is only charged for service used. Should customer not have funds available at time of withdrawal the customer will be in default and a cancellation charge equalized to one month estimated services will be due by customer. Early termination will result in a one month estimated services charge (average of last three months). All media releases, public announcements, and public disclosures by either party, employees or agents shall be coordinated with and approved by both parties prior to the release thereof. Neither party shall unreasonably withhold or delay its approval of any such release, announcement or disclosure.

This Agreement and performance hereunder shall be governed by the laws of the State of Michigan without regard to conflicts of laws.

Company Name _____ Initials _____