**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NICHOLAS MARTIN, on behalf of himself and others similarly situated, | ) ) | 1:10-cv-140 |
| Plaintiff, | ) | |
| | ) | Judge Bucklo |
| v. | ) | |
| | ) | |
| FIDELITY COMMUNICATIONS CORPORATION, and | ) ) | JURY DEMANDED |
| PPP, INC., | ) | |
| Defendant. | | |

**PLAINTIFF'S MOTION TO SUPPLEMENT RECORD REGARDING**
**COMMENTS MADE AT JUNE 7, 2010, STATUS CONFERENCE**

Plaintiff respectfully requests that this Court permit him to file the following very short

supplement concerning issues the Court raised at the status hearing on June 7, 2010.

In support of this motion, plaintiff states:

1.      Defendants have filed motions to dismiss this action, arguing that an individual

settlement offer may be used to "pick off" this class plaintiff by supposedly offering "everything

requested in the complaint."  On June 7, 2010, the Court asked several pointed questions, and

suggested that Fidelity's offer offered plaintiff "whatever he wanted, even the relief was not

expressly included in the written offer."

2.      Plaintiff's counsel took the position that morning during argument that the

settlement offer was perhaps *too* broad, and incapable of acceptance for that reason.   This

short supplement supports that argument.

3.      To form a valid contract, an offer must have definite material terms or require

definite terms in the acceptance so that all promises and performances to be rendered are

reasonably certain. *Rose v. Mavrakis*, 343 Ill.App.3d 1086, 799 N.E.2d 469 (1st Dist. 2003).  If

the terms are not reasonably certain, the offer cannot be  accepted. *Village of South Elgin v.*

*Waste Management of Illinois, Inc.*, 348 Ill.App.3d 929, 810 N.E.2d 658 (2d Dist. 2004).

4.      The language in the settlement letter that Fidelity was offering, "any other relief

which is determined by the Court to be necessary to fully satisfy all of the individual claims of

Plaintiff in the Lawsuit or the similar claims of any other person to whom this offer is extended"

was not definite enough to be accepted.  Plaintiff's counsel does not even know what this

means.  Certainly Fidelity could not have meant that, if accepted along with a list of demands,

the Court would have to sort out which of the demands were within the scope of the offer and

which ones were not?  The settlement letter, as to this term, is not capable of being accepted.

5.      Further, the offer was contingent upon the signing of a release to Fidelity and

"release, re leasing Defendant and others from liability for any and all claims arising from or

related to Plaintiffs Claims or in the case or others, the similar claims of others."  Not only was

this material term unenforceable vague and indefinite, it required that plaintiff give up ***more***

than if he were to win the case against Fidelity at trial, eve on an individual basis.  See *Danow v.*

*Law Office of David E. Borback, P.A.*, 634 F.Supp.2d 1337 (S.D.Fla. Jun 10, 2009), *aff'd* 2010 WL

597213 (11th Cir.  Feb 22, 2010) (unpublished decision) (plaintiff obtained better result than

previous settlement offer because trial judgment was not confidential; settlement offer

required confidentiality).

6.      For these reasons, and for the reasons in plaintiff's opposition brief, Fidelity's

motion to dismiss should be denied.

WHEREFORE, Plaintiff respectfully requests that this Court permit him to file the

following very short supplement concerning issues the Court raised at the status hearing on

June 7, 2010.

Respectfully submitted,


/s/Alexander H. Burke
Counsel for Plaintiff

BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com