IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10 CV 0140 |
| | ) | |
| PPP, INC. and FIDELITY COMMUNICATIONS CORPORATION, | ) | Judge Bucklo |
| | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT FIDELITY COMMUNICATIONS CORPORATION'S**
**RESPONSE TO PLAINTIFF'S MOTION TO SUPPLEMENT**

Fidelity Communications Corporation ("Fidelity") objects to Plaintiff's attempt to circumvent well established procedures for briefing motions and requests the Court to deny and strike Plaintiff's "Motion to Supplement the Record" (Dkt # 39). In response to this Motion, Fidelity states as follows.

1. Fidelity has filed a motion to dismiss which has been fully briefed. Plaintiff's counsel, after having had an opportunity to respond to Fidelity's motion in writing and further to present oral argument regarding this motion to the Court at the status hearing held on June 7, 2010, now seeks to file an additional memorandum raising new arguments and citing new authority. Notably Plaintiff did not request leave of court to file a supplemental brief before actually filing his "supplemental arguments." Instead, Plaintiff filed a Motion to Supplement containing the new arguments, accompanied by a request that he be granted leave to file the supplemental brief.

2. The new arguments raised by Plaintiff in his attempt to file a supplemental memorandum are not meritorious and could have been raised in his response to Fidelity's

1

motion. Plaintiff's last minute attempt to present new arguments and authority which was not previously cited in his response memorandum, after the Court indicated at the June 7, 2010 status hearing that it was about to rule on Fidelity's motion to dismiss, is improper and the motion should be denied.

3. The arguments raised by Plaintiff in his "Motion to Supplement" lack merit. As the Court noted at the June 7, 2010 status hearing, the settlement offer made by Fidelity is comprehensive and provides Plaintiff with all the relief he could have obtained from Fidelity were he to have prevailed against Fidelity in this action. The offer conveyed by Fidelity made it abundantly clear that Fidelity was offering all the relief to which Plaintiff would be entitled if he were to prevail against Fidelity. Contrary to Plaintiff's last minute protestations to the opposite, the settlement offer was clearly capable of being accepted by Plaintiff. Plaintiff has chosen to reject this offer.

4. While Fidelity asserts that Plaintiff's "Motion to Supplement" is improper and should be denied, should the Court grant Plaintiff's "Motion to Supplement," Fidelity requests that it be given the opportunity to respond to the new arguments and authorities raised by Plaintiff in this supplemental memorandum.

WHEREFORE, Fidelity requests that the Court deny Plaintiff's Motion to Supplement (Dkt. #39).

                                        Respectfully submitted,

                                        FIDELITY COMMUNICATIONS
                                        CORPORATION


                                        s/Bart T. Murphy_____
                                        By one of its attorneys

Bart T. Murphy # 6181178
Ice Miller LLP
2300 Cabot Dr., Ste. 455
Lisle, IL 60532
(630) 955-6392

## CERTIFICATE OF SERVICE

    The undersigned, an attorney, states that on June 9, 2010, he caused the foregoing to be filed with the Clerk of the United States District Court for the Northern District of Illinois and a copy of which will be served on the counsel listed below by the Clerk's ECF/CM system:

| | |
|---|---|
| Alexander H. Burke | ABurke@BurkeLawLLC.com |
| William A. Chittenden, III | wchittenden@cmn-law.com |
| Jennifer S. Stegmaier | jstegmaier@cmn-law.com |

                      s/Bart T. Murphy

                      Bart T. Murphy
                      Ice Miller LLP
                      2300 Cabot Dr., Ste,. 455
                      Lisle, IL 60532
                      (630) 955-6392

C/94042.1