**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NICHOLAS MARTIN, on behalf of himself and | ) | |
| others similarly situated, | ) | 1:10-cv-140 |
|     Plaintiff, | ) | |
| | ) | Judge Bucklo |
|       v. | ) | |
| | ) | |
| PPP, INC., | ) | JURY DEMANDED |
|     Defendant. | ) | |

**MOTION TO LIFT DISCOVERY STAY**

Plaintiff respectfully requests that this Court lift the stay of discovery in this case.  In support of this motion, plaintiff states:

1.      This is a Telephone Consumer Protection Act, 47 U.S.C. §227(b) case.  Defendant PPP hired Fidelity Communications Corporation to make autodialed and prerecorded advertising messages to consumers.  This Court dismissed Fidelity from the  case, ordering Fidelity to pay plaintiff settlement funds and entering an injunction prohibiting Fidelity from using an autodialer or prerecorded message without prior express consent.  Memorandum Opinion and Order of June 25, 2010.

2.      The Court also ordered a briefing schedule for class certification.  Plaintiff wishes to take discovery regarding the size of the class and the identities of the class members.  Plaintiff plans to subpoena dismissed defendant Fidelity Communications Corporation, if necessary, to obtain this information.  Plaintiff will use this information both to support his motion for certification, and to make appropriate attempts to locate a substitute plaintiff or intervenor.  See *Wiesmueller v. Kosobucki*, 513 F.3d 784 (7th Cir. 2008).  Plaintiff requested this relief during briefing on Fidelity's motion to dismiss. See Plaintiff's Opposition to Fidelity's Motion to Dismiss at Section III, pp.14-15.

3.      The law is clear that a party may take discovery on issues that bear on whether class certification is appropriate, and that courts should permit such.  *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351, n.13 (1978).

1

4.      Plaintiff filed his motion for class certification early in this case, before discovery, in order to avoid dismissal of the action on mootness grounds.   Now that the Court has ruled on the motions to dismiss, discovery is appropriate.

WHEREFORE, plaintiff respectfully requests that this Court lift the stay of discovery in this case.

Respectfully submitted,

/s/Alexander H. Burke

BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com