IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS MARTIN, on behalf of himself and others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) PPP, INC., and ) FIDELITY COMMUNICATIONS ) CORPORATION, ) ) Defendants. ) | No. 10 C 0140<br><br>Judge Elaine Bucklo<br><br>Magistrate Judge Schenkier |

**DEFENDANT PPP, INC.'S MEMORANDUM IN SUPPORT
OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant PPP, INC. ("**PPP**"), by its attorneys, moves this Court pursuant to Fed R. Civ. P. 56 for the entry of an order granting summary judgment in its favor and against the plaintiff. In support of its Motion, PPP submits its Statement of Undisputed Facts with attached exhibits, as well as the following Memorandum of law:

### INTRODUCTION

The Court lacks subject matter jurisdiction over plaintiff's remaining Telephone Consumer Protection Act ("**TCPA**") case against PPP, because the suit no longer presents the Court with a justiciable "case or controversy" to resolve. First, the plaintiff's request for injunctive relief against PPP is moot on account of the fact that PPP has already offered to the plaintiff all of the injunctive relief he seeks. In addition, and notwithstanding that offer, the plaintiff's request for injunctive relief fails because he cannot show that he is in immediate danger of sustaining some direct injury should the requested injunction be denied. For either of these reasons, the plaintiff has no current, live Article III "case or controversy" against PPP. The

Court therefore lacks the subject matter jurisdiction to further entertain his lawsuit, and judgment should be entered in PPP's favor.

## UNDISPUTED FACTS

The plaintiff filed this three–count TCPA case against both PPP and former co-defendant Fidelity Communication Corporation ("**Fidelity**") on January 11, 2010. (See PPP's Statement of Undisputed Facts ("**PPP's Statement**"), at ¶ 5). The case was styled as a class action. (PPP's Statement, ¶ 6). In his Complaint, the plaintiff alleges that both defendants violated the TCPA by making a single, auto–dialed, pre–recorded telephone call to his cellular telephone. (PPP's Statement, ¶ 7).

On February 26, 2010, the attorney for the co-defendant Fidelity served on plaintiff's counsel a settlement offer. (PPP's Statement, ¶ 8). In it, Fidelity offered to the plaintiff (1) $1,500 for every call Fidelity made to a cell phone owned or paid for by the plaintiff, (2) payment of any and all costs that the plaintiff could recover were he to prevail at trial, (3) entry of a stipulated injunction against Fidelity as requested in Count III of the Complaint, and (4) any other relief that is determined by the Court to be necessary to satisfy all of the plaintiff's individual claims against Fidelity. (PPP's Statement, ¶ 9).

In response, the plaintiff rejected the offer on March 11, 2010. (PPP's Statement, ¶ 10). The next day, he filed a motion for class certification. (PPP's Statement, ¶ 10). Fidelity in turn filed a motion to dismiss the plaintiff's claims against it, arguing that the claims were rendered moot by its settlement offer. (PPP's Statement, ¶ 11). After briefing by both sides, the Court entered a Memorandum Opinion and Order on June 25, 2010 granting Fidelity's motion to dismiss. (PPP's Statement, ¶ 12). The Court also ordered that, pursuant to its offer, Fidelity was to pay to the plaintiff $1,500, plus his costs of suit. (PPP's Statement, ¶ 13). In addition, the

Court later entered the injunction against Fidelity that was requested in Count III of the Complaint, and was offered in Fidelity's settlement offer. (PPP's Statement, ¶ 14).

PPP also filed its own motion to dismiss the plaintiff's claims against it. (PPP's Statement, ¶ 15). The basis for its motion was essentially the same basis argued by Fidelity—that based upon PPP's own settlement offer in combination with Fidelity's offer, all claims against PPP were also moot. (PPP's Statement, ¶ 15). The Court, however, saw a difference between Fidelity's offer and PPP's offer. Because PPP only offered to stop making illegal calls to the plaintiff's own cellular phone (as opposed to making any illegal calls to anyone, as Fidelity offered), the Court held that PPP's offer did not, in fact, moot the plaintiff's claims. (PPP's Statement, ¶ 16). Instead, the Court held that "Martin's suit against PPP remains viable insofar as it seeks injunctive relief." (PPP's Statement, ¶ 17).

Subsequently, on July 16, 2010, counsel for PPP sent to plaintiff's attorney a letter tendering to plaintiff all remaining relief that plaintiff could possibly recover against PPP in this suit. Specifically, the letter read:

> PPP, Inc. hereby offers to the plaintiff and the class he purportedly represents the entry of a stipulated permanent injunction against it that would prevent PPP, Inc. from making automatically dialed telephone calls using a pre-recorded or artificial voice to any cellular telephones, except where PPP, Inc. has and can demonstrate the prior express consent of the called party to receive such calls. If necessary or otherwise required by the plaintiff or the Court to effectuate such an injunction, PPP, Inc. also will stipulate to the certification of a plaintiff's class pursuant to Rule 23(b)(2) as to Count III of plaintiff's Complaint, too.

(PPP's Statement, ¶ 18). While the plaintiff never specifically or officially rejected this offer, he never accepted it, either. (PPP's Statement, ¶ 19). The suit continues, and plaintiff's counsel continues to actively prosecute it against PPP.

**ARGUMENT**

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56 (c). The purpose of summary judgment is to pierce the pleadings and assess the proof to see if there is a genuine need for a trial. *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986). Summary judgment should be granted where the evidence is such that a fair-minded jury could not return a verdict in favor of the non-movant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S. Ct. 2505, 2512 (1986). Where the issues involved are primarily legal rather than factual, summary judgment is particularly appropriate**.** *Adler v. Madigan*, 939 F.2d 476, 478 (7th Cir. 1991).

**I.**     **PPP's Offer To The Plaintiff Rendered His Request For Injunctive Relief Moot.**

Article III of the Constitution confers on the federal courts jurisdiction over "cases and controversies." Consequently, both litigants must have a personal interest in the case at the beginning of the litigation, and their interests must persist throughout its entirety. *See United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 396, 100 S. Ct. 1202, 1208. (1980). A case becomes moot when the dispute between the parties "no longer rages," or when one of the parties loses his personal interest in the outcome of the suit. *Holstein v. City of Chicago*, 29 F.3d 1145, 1147 (7th Cir. 1994).

Cases can become moot when a defendant offers to give a plaintiff all the plaintiff seeks to recover in the lawsuit. *See, e.g.*, *Greisz v. Household Bank,* 176 F.3d 1012, 1014–15 (7th Cir. 1999); *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991). In that situation, such an offer "eliminates a legal dispute upon which federal jurisdiction can be based." *Greisz,* 176 F.3d at 1015. Indeed, it was this very concept that led this Court to find that all of the plaintiff's claims

against Fidelity in this case were moot and should be dismissed. *See Martin v. PPP, Inc.*, No. 10 C 140, 2010 U.S. Dist. Lexis 63192 at *28 (N.D. Ill. June 10, 2010) (attached to PPP's Statement as Exhibit 1).

In this case, the only part of the suit that remains is the part that seeks injunctive relief from PPP. *See Id.* at *27 ("Martin's suit against PPP remains viable insofar as it seeks injunctive relief."). The only part of the Complaint that seeks injunctive relief is Count III. (*See* Complaint, Court's Electronic Docket No. 1, p. 6).

Like Fidelity, PPP has now, too, offered to the plaintiff everything he could recover in Count III. Previously, PPP's offer extended only to the individual plaintiff himself. *See Martin*, 2010 U.S. Dist. Lexis 63192 at *25–27. In contrast, PPP's new July 16, 2010 letter offered him all the injunction he asks for, as well—both on his own behalf as well as on behalf of the class. (PPP's Statement, ¶ 18). In other words, PPP offered to stop making *any* offending calls, not just those to the plaintiff. (PPP's Statement, ¶ 18). That relief would accrue not only to the benefit of the class described in the Complaint, it would apply to all people, anywhere. Moreover, PPP even offered to stipulate to the certification of a class for the relief sought in Count III, if necessary. (PPP's Statement, ¶ 18). So not only has PPP offered to the plaintiff *individual* relief with respect to Count III, it has offered *class* relief, as well.

It is this point that differentiates the facts of this case from most others on the mooting of putative class actions in a TCPA context. As the Court noted in its own June 25, 2010 opinion, settlement offers made after class certification has been sought generally do not moot the plaintiff's claims. *See Martin*, 2010 U.S. Dist. Lexis 63192 at *5. But the Court's prior discussion on this issue was in the context of a settlement offer made to an individual named plaintiff. Indeed, that is the case in most of the relevant opinions on this topic. *See, e.g.*,

5

*Holstein*, 29 F.3d at 1146–47; *Greisz,* 176 F.3d at 1014. In this case, however, in terms of the relief offered by PPP on Count III, the relief offered was to the entire putative class. Therefore, not only does the plaintiff not have any live claims under Count III for injunctive relief, neither does his putative class. Those claims are therefore moot. *See Rand*, 926 F.2d at 598. Accordingly, the Court should grant summary judgment in favor of PPP and against the plaintiff.

II. **The Plaintiff's Claim For Injunctive Relief Presents No "Case Or Controversy" Because He Cannot Show He Is In Immediate Danger Of Sustaining Some Direct Injury.**

Even if the claims pursued by the plaintiff in Count III were not moot, another, independent reason exists for entering summary judgment in favor of PPP and against the plaintiff. The only viable claim the plaintiff still has pending against PPP is for injunctive relief. *See Martin*, 2010 U.S. Dist. Lexis 63192 at *27. Yet the plaintiff cannot demonstrate that he needs the Court to intervene equitably to prevent him from sustaining an immediate, direct injury. As such, no "case or controversy" exists, and the plaintiff lacks a live "case or controversy" for that reason, as well.

When seeking injunctive relief from the Court, a plaintiff must show that he is in "immediate danger of sustaining some direct injury." *Feit v. Ward*, 886 F.2d 848, 857 (7th Cir. 1989). This rule is known as the "the capable-of-repetition doctrine," and it applies only in exceptional situations, "generally only where the named plaintiff can make a reasonable showing that he will again be subjected to the alleged illegality." *City of Los Angeles v. Lyons*, 461 U.S. 95, 109, 103 S. Ct. 1660, 1669 (U.S. 1983). Moreover, past exposure to illegal conduct does not in and of itself suffice to show a likelihood of repetition if it is "unaccompanied by any continuing, present adverse effects." *Feit*, 886 F.2d at 857. Unless a plaintiff can make a

reasonable showing that he will again be subject to the alleged illegality, the "capable of repetition" doctrine does not apply. *Knox v. McGinnis*, 998 F.2d 1405, 1415 (7th Cir. 1993).

In this case, the plaintiff claims that PPP has a pattern and practice of making illegal telephone calls, and that, without Court intervention, that PPP will continue to violate the TCPA. (*See* Complaint, Docket No. 1, p. 6. ¶¶ 29–31). He alleges no facts, however, to support this contention. The plaintiff alleges only the single telephone call in 2009, but again, a single past illegal act does not itself establish a likelihood of future repetition. *Feit*, 886 F.2d at 857.

Indeed, the record in this case shows the opposite is likely to be true. PPP is not a telemarketer or a fax–blaster; instead, it operates a "Papa John's" pizza store in Palatine, Illinois. (*See* Complaint, Docket No. 1, p. 2, ¶ 5; PPP's Statement, ¶ 2). PPP has never owned or leased the type of equipment that would allow it to make automatic or pre-recorded telephone calls to consumers. (PPP's Statement, ¶ 20). Nor did PPP itself even make the call complained of to the plaintiff. (PPP's Statement, ¶ 21). PPP's involvement consisted of hiring Fidelity to make telemarketing calls to its existing customers. (PPP's Statement, ¶ 22). PPP was unaware that Fidelity made any calls in violation of the TCPA, and when it learned that Fidelity had allegedly made such calls, PPP terminated its relationship with Fidelity. (PPP's Statement, ¶ 23).

Consequently, the evidence in this case tends to establish that neither the plaintiff nor his proposed class are, in fact, likely to suffer the effects of PPP's allegedly illegal conduct again in the immediate future, or ever, for that matter. In absence of such a required showing by the plaintiff, no "case or controversy" exists, and the Court should enter judgment in favor of PPP. *See Knox*, 998 F.2d at 1415.

## CONCLUSION

The plaintiff's remaining case for injunctive relief against PPP does not constitute a "case or controversy" over which this Court has subject matter jurisdiction. Not only did PPP's offer of an injunction moot the plaintiff's claims, the unlikelihood of his receiving an injury again from PPP undermine his basis for injunctive relief against PPP. PPP therefore requests that this Court enter an order granting summary judgment in favor of PPP and against plaintiff, and for any other relief this Court deems just.

Dated: December 23, 2010

Respectfully Submitted,

PPP, INC.

By:   s/ Martin D. Snyder
       One of its Attorneys

Martin D. Snyder
**LAW OFFICES OF MARTIN SNYDER, P.C.**
203 North LaSalle Street, Suite 1620
Chicago, Illinois 60601
312-380-6588
312-278-0336 (fax)
martin@snyderlawchicago.com

*Attorney for Defendant*
 *PPP, Inc.*

## **CERTIFICATE OF SERVICE**

      I, Martin D. Snyder, an attorney in the foregoing matter, hereby certify that I caused copies of Defendant PPP, Inc.'s Memorandum in Support of its Motion for Summary Judgment to be served on all counsel of record in this matter via the Court's Electronic Filing System, and where required, at the addresses listed below by placing the same in the U.S. Mailbox at 203 North LaSalle Street, Chicago, Illinois, before 5:00 p.m. with proper postage prepaid, on December 23, 2010.

                                                        s/ Martin D. Snyder
                                                        Martin D. Snyder
                                                        Attorney at Law

**Copies Served Upon:**

Alexander Burke
Burke Law Offices, LLC
155 N. Michigan Ave., Suite 9020
Chicago, Illinois 60601
ABurke@BurkeLawLLC.com